**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES:

**RAFAEL A. SANCHEZ**
**ALEX E. GUDE**
Bingham Greenebaum Doll, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN MURILLO BRAVO, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 54A04-1207-PL-385 |
| | ) | |
| SILVIA BRAVO and, | ) | |
| RANCHO BRAVO, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-0909-PL-380

**April 30, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

In this interlocutory appeal, Juan Murillo Bravo ("Murillo") appeals the trial court's award of attorney fees to Silvia Bravo and Rancho Bravo, Inc. (collectively, "Rancho Bravo"), as a result of a discovery dispute. We affirm and remand.

## Issues

Murillo raises several issues, which we consolidate and restate as whether the trial court properly awarded attorney fees to Rancho Bravo. Rancho Bravo raises one issue on cross-appeal, which we restate as whether Rancho Bravo is entitled to appellate attorney fees.

## Facts

On September 18, 2009, Murillo filed a complaint against Silvia and Rancho Bravo alleging that he was a fifty percent owner of Rancho Bravo and that Silvia had "improperly and illegally taken and diverted funds and property of the Corporation for her personal use." Appellant's App. p. 14. On October 19, 2010, the trial court entered a case management order that required the exchange of exhibit and witness lists by January 19, 2011, mediation by April 8, 2011, amendments to exhibit and witness lists by May 2, 2011, cut off of discovery on June 3, 2011, and a bench trial on July 12, 2011.

On April 5, 2011, Rancho Bravo filed a motion to vacate the case management order's mediation cutoff date because Murillo had not responded to its settlement requests or requests to mediate, and the mediation deadline was approaching. The trial court granted Rancho Bravo's motion.

2

On May 27, 2011, Murillo filed a motion to amend the case management order because the discovery deadline was June 3, 2011, but depositions had not been completed. Murillo requested a thirty-day extension on the discovery deadline to July 3, 2011. The trial court granted Murillo's request.

On June 14, 2011, Murillo filed a motion to continue the trial because the trial was scheduled for July 12, 2011, but depositions had not yet been completed. The trial court vacated the trial date, and the parties filed a joint motion to amend the case management order because of ongoing discovery disputes.[1] On August 30, 2011, the trial court issued an amended case management order, which provided that discovery would be completed by January 6, 2012, that Murillo would disclose all expert witnesses by September 16, 2011 and file expert reports by October 7, 2011, and that the trial would take place on March 2, 2012.

On October 6, 2012, Murillo filed a motion to amend the first amended case management order. Murillo alleged that he could not complete his expert's report until after Silvia's deposition, which had been delayed. Murillo requested that the case management dates be extended by ninety days. The trial court entered a second amended case management order providing for a January 6, 2012 deadline for plaintiff's expert reports, an April 6, 2012 deadline for discovery, and a June 8, 2012 trial date.

---

[1] During 2010 and 2011, the parties also had a dispute over Murillo's inadequate responses to discovery requests. Rancho Bravo filed a motion to compel, which the trial court granted on July 22, 2011, and the trial court awarded attorney fees to Rancho Bravo. Murillo appealed, and we affirmed the trial court. See Bravo v. Bravo, No. 54 A01-1108-PL-354 (Ind. Ct. App. May 9, 2012).

On January 17, 2012, Murillo filed a motion to amend the second amended case management order. Murillo alleged that the depositions of the parties had not yet been completed and that his expert report should be due thirty days after the taking of Silvia's deposition. Rancho Bravo filed a response to Murillo's motion, alleging that Murillo had made no effort to depose Silvia after October 6, 2011, that Murillo had not responded to Rancho Bravo's request to depose him, and that the continued delays would unduly burden Rancho Bravo. Murillo's motion was later denied because Murillo had shown "no good cause . . . to extend the deadlines." Appellant's App. p. 44.

Murillo also sent a letter to Rancho Bravo's counsel requesting a deposition of Silvia for January 27, 2012. Murillo gave other possible dates, including February 21, 2012. Ranch Bravo informed Murillo that Silvia could not attend the deposition on January 27, 2012, but that she could attend on February 21, 2012. However, on January 26, 2012, Murillo faxed Rancho Bravo a notice of deposition for Silvia for February 1, 2012. A letter included with the notice of deposition provided:

> In light of the other filings, we must proceed with [Silvia's] Deposition. Therefore, we are setting her Deposition for February 1, 2012, at 1:00 p.m. If she cannot attend, then please file something with the Court, as the informal proceedings so far have resulted in unacceptable delays for her convenience.

Id. at 36.

Rancho Bravo responded by filing an emergency motion for a protective order regarding the February 1, 2012 deposition. Rancho Bravo pointed out that Murillo had already missed the deadline for filing his expert report and that taking Silvia's deposition

4

earlier than the scheduled date would not cure Murillo's failure to comply with the case management order. Rancho Bravo requested that the trial court award it expenses pursuant to Indiana Trial Rule 26(C).

Murillo filed a response and withdrew his notice of deposition for Silvia for February 1, 2012. Rancho Bravo responded that it was still entitled to expenses pursuant to Indiana Trial Rule 26(C). The trial court agreed and found that the "withdrawal of the notice of deposition did not obviate the need for defendants to seek relief under Trial Rule 26(C), that defendants' motion was justified by plaintiff's conduct, and that an award of attorney's fees [was] therefore warranted." Id. at 44. The trial court ordered that Rancho Bravo be awarded reasonable expenses associated with their motion for a protective order and ordered Rancho Bravo to submit a petition for its expenses and attorney fees within ten days. The trial court ordered that Murillo could file a response or request a hearing within ten days thereafter.

Rancho Bravo submitted a verified petition for attorney fees and costs of $1,615.16. Murillo filed a motion to reconsider and a request for a hearing. At the hearing, Murillo attempted to introduce evidence regarding the propriety of Rancho Bravo's motion for a protective order. The trial court ruled that the subject of the hearing was fees, not "a collateral or backdoor attack on the previous order." Tr. p. 10. The trial court awarded Rancho Bravo attorney fees and costs in the amount of $1,942.16. Murillo now appeals.

## Analysis

### I. Murillo's Arguments

Murillo argues that the trial court erred by awarding attorney fees to Rancho Bravo. The trial court awarded the attorney fees as a result of Rancho Bravo's request for a protective order under Indiana Trial Rule 26(C). The trial court has broad discretion in ruling on a Trial Rule 26(C) motion for a protective order, and we will interfere only if an abuse of discretion is shown. City of Elkhart v. Agenda: Open Gov't, Inc., 683 N.E.2d 622, 628 (Ind. Ct. App. 1997), trans. denied. We will reverse only where the trial court has reached an erroneous conclusion that is clearly against the logic and effect of the facts of the case. Id.

Indiana Trial Rule 26(C) governs protective orders and provides:

> Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is being taken, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place . . . .

Trial Rule 26 does not require a hearing on a party's request for a protective order. Small v. Centocor, Inc., 731 N.E.2d 22, 30 (Ind. Ct. App. 2000), trans. denied.

The trial court here granted Rancho Bravo's request for a protective order regarding the February 1, 2012 deposition of Silvia. Murillo had given Rancho Bravo possible dates for the deposition, including February 21, 2012. Rancho Bravo informed Murillo that Silvia would be available on February 21, 2012. However, on January 26, 2012, Murillo faxed a notice of deposition for February 1, 2012, and informed Rancho

6

Bravo that, if Silvia could not attend, Rancho Bravo should file something with the court. Rancho Bravo responded by filing its motion for a protective order, which the trial court granted.

Rancho Bravo requested attorney fees and costs for preparing the motion for protective order. "If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery." Ind. Trial Rule 26(C). "The provisions of Trial Rule 37(A)(4) apply to the award of expenses incurred in relation to the motion." Id.; see also Ledden v. Kuzma, 858 N.E.2d 186, 189 (Ind. Ct. App. 2006) (noting that the "Kuzmas sought the protective order pursuant to Trial Rule 26(C), which provides that the provisions of Trial Rule 37(A)(4) govern the award of expenses incurred with respect to a motion for a protective order"). Indiana Trial Rule 37(A)(4) provides:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

7

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

"Thus, when a protective order is either entered or denied, a presumption arises that the trial court will also order reimbursement of the prevailing party's reasonable expenses." Penn Cent. Corp. v. Buchanan, 712 N.E.2d 508, 511 (Ind. Ct. App. 1999), trans. denied. "This award is mandatory, subject only to a showing that the losing party's conduct was substantially justified, or that other circumstances make an award of expenses unjust." Id. We have noted that Trial Rule 37(A) contemplates a hearing "to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust." Huber v. Montgomery Co. Sheriff, 940 N.E.2d 1182, 1186 (Ind. Ct. App. 2010).

Although the trial rules do not require a hearing on a motion for a protective order, Rancho Bravo requested attorney fees and costs pursuant to Trial Rule 37(A)(4), which does require a hearing. The issue at the hearing was not the propriety of granting the protective order. Rather, the issue for the hearing was whether Murillo's conduct was "substantially justified or whether other circumstances would make the award of expenses unjust." Id.

Murillo argues that the trial court abused its discretion by excluding testimony from attorney Bill Green regarding the propriety of Rancho Bravo's actions after Murillo sent the notice of deposition for February 1, 2012, and a portion of deposition testimony from Silvia regarding her residence in California. Both of these topics concerned Rancho

8

Bravo's response to Murillo's notice of deposition, not the propriety of Murillo's unilateral change in the deposition date. The focus of the hearing was whether Murillo's conduct was substantially justified, not whether Rancho Bravo's conduct was substantially justified. Consequently, the trial court did not err by excluding this evidence.

Murillo argues that Rancho Bravo should have filed a request with the trial court to change the date of the deposition under Indiana Trial Rule 30(B)(3). See Ind. T.R. 30(B)(3) ("The court may for cause shown enlarge or shorten the time for taking the deposition."). However, Murillo cites no authority for the proposition that Rancho Bravo was required to utilize Trial Rule 30(B)(3) rather than the motion for a protective order under Trial Rule 26(C).

Murillo also argues that Rancho Bravo failed to comply with Indiana Trial Rule 26(F), which requires parties to attempt an informal resolution to discovery disputes. Murillo claims that Rancho Bravo should have informed him that Silvia was out of the state on February 1, 2012. However, Rancho Bravo did attempt to informally resolve setting the date for Silvia's deposition. Murillo unilaterally changed the date and told Rancho Bravo: "If she cannot attend, then please file something with the Court, as the informal proceedings so far have resulted in unacceptable delays for her convenience." Appellant's App. p. 36. Under these circumstances, we cannot say that Rancho Bravo failed to comply with Trial Rule 26(F).

Next, Murillo argues that Rancho Bravo should have disclosed to him that Silvia had moved to California. According to Murillo, Silvia's residence would have affected

9

her deposition pursuant to Indiana Trial Rule 45, which provides: "A nonresident of the state may be required to attend only in the state and county wherein he is served with a subpoena, or within forty [40] miles from the place of service, or at such other convenient place as is fixed by an order of court." Regardless of Silvia's state of residence, Murillo unilaterally changed the deposition date and demanded that Rancho Bravo request assistance from the trial court. We cannot say that Trial Rule 45 makes the award of attorney fees unjust.

We conclude that Murillo presented no evidence that his conduct in abruptly changing the deposition date was substantially justified or that other circumstances would make the award of expenses unjust. Thus, the trial court did not abuse its discretion when it ordered Murillo to pay Rancho Bravo's attorney fees and costs.

Murillo next argues that the amount of attorney fees awarded was unreasonable. We review the trial court's attorney fee award for an abuse of discretion. M.S. ex rel. Newman v. K.R., 871 N.E.2d 303, 312 (Ind. Ct. App. 2007), trans. denied. The amount of the trial court's award must be supported by the evidence on the record, and we will only reverse the award if the trial court abuses its discretion. Id. The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. Id. Murillo's only argument is that the attorney fees were excessive because Rancho Bravo should have engaged in informal negotiations under Trial Rule 26(F) or filed a motion under Trial Rule 30. We have already addressed those contentions, and Murillo makes no argument concerning the propriety of the amount of

attorney fees awarded. Consequently, we conclude that the trial court did not abuse its discretion regarding the amount of attorney fees awarded.

## II. *Appellate Attorney Fees*

On cross-appeal, Rancho Bravo argues that it is entitled to an award of appellate attorney fees. We have held that "an award of reasonable expenses pursuant to Rule 37(A)(4) includes the reasonable expenses incurred by the party in defending the award on appeal." M.S., 871 N.E.2d at 315. Therefore, we grant Rancho Bravo's request for appellate attorney fees and remand this cause to the trial court for a determination of the reasonable amount of its appellate attorney fees.

## Conclusion

The trial court properly granted Rancho Bravo's motion for a protective order and properly awarded attorney fees and costs to Rancho Bravo as a result of Murillo's conduct. Further, Rancho Bravo is entitled to appellate attorney fees. We affirm and remand to the trial court with instructions to determine Rancho Bravo's reasonable appellate attorney fees and to order Murillo to pay that amount.

Affirmed and remanded.

NAJAM, J., and BAILEY, J., concur.