Terrance R. HUBER, Appellant–
Plaintiff,

v.

MONTGOMERY COUNTY SHERIFF,
Appellee–Defendant.

No. 54A01–0911–CV–559.

Court of Appeals of Indiana.

March 25, 2010.

Publication Ordered Dec. 13, 2010.

James E. Ayres, Wernle, Ristine & Ayres, Crawfordsville, IN, Attorney for Appellant.

Wayne E. Uhl, Stephenson Morow & Semler, Indianapolis, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Terrance R. Huber brings this interlocutory appeal from the trial court's order that he pay expenses and attorney fees to the Montgomery County Sheriff ("the Sheriff") as a discovery sanction. Huber contends, among other things, that the trial court erred when it awarded expenses and fees without first holding a hearing on the propriety of those sanctions. We agree and reverse the trial court's award of sanctions and remand for a hearing.

### Facts and Procedural History

The relevant facts indicate that Huber filed a tort claim against the Sheriff on May 25, 2007. On July 20, 2007, the Sheriff served his first set of interrogatories and request for production of documents on Huber. Huber served his answers to that discovery on January 31, 2009. On several occasions thereafter, the Sheriff requested supplementation of Huber's discovery responses that the Sheriff believed to be evasive or incomplete. Because Huber did not provide any supplementation, the Sheriff filed a motion to compel discovery and request for sanctions pursuant to Indiana Trial Rule 37 on July 6, 2009. On July 20, 2009, without first holding a hearing, the trial court entered its order compelling Huber to comply with the discovery requests. The court's order provided for sanctions as follows:

Defendant is awarded reasonable costs and attorney fees incurred by the necessity to move for this Order compelling

discovery. Defendant's counsel shall submit an itemization to plaintiff's counsel within 14 days after the date of this order. If there is a dispute as to the amount of said fees and costs, the matter shall be submitted to the Court for resolution.

Appellant's App. at 41. Thereafter, on August 27, 2009, Huber filed his "Compliance with Court Order and Motion for Reconsideration of Sanctions." Again, without holding a hearing, the trial court denied Huber's motion to reconsider and awarded additional sanctions on September 22, 2009. With regard to sanctions, the court stated:

The Court further finds the defendant should be awarded his costs and attorney fees for opposing the motion to reconsider. Defendant's counsel shall supplement his itemization of costs and fees within 15 days after the date of this Order, and plaintiff shall pay the full amount within 15 days after receiving the supplementation.

Appellant's App. at 61. Huber paid the Sheriff the full amount requested by the Sheriff, $697.50, on October 12, 2009. Huber filed his notice of appeal on October 20, 2009.

### Discussion and Decision

#### *Appellate Jurisdiction*

Before we reach the merits, we must first address the Sheriff's contention that our jurisdiction over this interlocutory appeal is limited to only the trial court's September 22, 2009, award of expenses and attorney fees to the Sheriff. Specifically, the Sheriff contends Huber's notice of appeal was filed more than thirty days after the trial court's July 20, 2009, order awarding the Sheriff expenses and attorney fees incurred in filing his motion to compel. Therefore, the Sheriff argues, the notice of appeal was untimely with respect

to the first order and this Court lacks jurisdiction to review the propriety of that order. We disagree with the Sheriff and conclude that we have jurisdiction to review both orders.

Indiana Appellate Rule 14(A)(1) provides for an interlocutory appeal as a matter of right from an order "for the payment of money." One example of an order "for the payment of money" which triggers the application of Appellate Rule 14(A)(1) is an order for the payment of attorney fees as a sanction under Indiana Trial Rule 37. *See Nat'l Gen. Ins. Co. v. Riddell,* 705 N.E.2d 465, 465 n. 1 (Ind.Ct.App.1998) (discussing former Appellate Rule 4(B)(1), which is now Appellate Rule 14(A)(1)). An appeal may be taken as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty days of the entry of the interlocutory order. *See* Ind. Appellate Rule 14(A). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R.2." Ind. Appellate Rule 9(A)(5).

██ The trial court's first order regarding the payment of expenses and attorney fees was entered July 20, 2009. However, while that order provided that the Sheriff "is awarded reasonable costs and attorney fees incurred by the necessity to move for this order compelling discovery[,]" there was no sum certain set by the order. Appellant's App. at 41. Indeed, the trial court left it to the Sheriff to submit an itemization to Huber's counsel within fourteen days after the date of the order. The order neither provided an amount of payment nor a time for payment. Indeed, to add to the ambiguity, the trial court provided that, in the event of a disagreement over the expenses and fees, the court would resolve the disagreement at a later undetermined date.

Because the July 20, 2009, order did not require Huber to pay a specific amount at a specific time, that order was not appealable as of right with regard to the requirement that Huber pay attorney fees to the Sheriff. *See Johnson v. Estate of Brazill,* 917 N.E.2d 1235, 1240–41 (Ind. Ct.App.2009) (thirty-day time period for appeal does not start until trial court enters order for payment of specific amount of attorney fees). Instead, the first order that required Huber to pay what we can even begin to say was a discernable amount of attorney fees to the Sheriff was the trial court's September 22, 2009, order denying Huber's motion to reconsider.[1] In that order, in addition to denying Huber's motion to reconsider the first award, the trial court awarded the Sheriff expenses and attorney fees incurred to oppose the motion to reconsider. Although the order still did not state a specific sum, the trial court provided that the Sheriff's counsel "shall supplement" his original itemization of costs and fees within fifteen days of the order, and Huber "shall pay" the "full amount" within fifteen days after receiving the supplementation. Appellant's App. at 61. From this, we can at least discern that the trial court's award was fixed at the exact amount demanded by the Sheriff. The parties agree that the original itemiza-

tion was for the sum of $496.00, and the supplementation demanded an additional $201.50.[2] Huber paid the Sheriff the full amount requested on October 12, 2009, and filed his notice of appeal on October 20, 2009, well within thirty days from the trial court's September 22, 2009 order. Accordingly, we conclude that Huber's interlocutory appeal was filed timely and that we have jurisdiction to determine the propriety of the entire award of expenses and fees.

### Attorney Fees and Expenses

Huber contends the trial court erred when it awarded expenses and attorney fees to the Sheriff pursuant to Indiana Trial Rule 37(A)(4). Specifically, Huber argues that the trial court was required to hold a hearing before entering sanctions against him. We agree.

The rules of discovery are designed to "allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement." *Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 399 (Ind.Ct.App.1997), *trans. denied.* The trial court has broad discretion when ruling on discovery issues, and we will reverse only upon a showing that the trial

---

1. We agree with the Sheriff that, pursuant to Indiana Trial Rule 53.4(A), a motion to reconsider "does not toll the time period within which an appellant must file a notice of appeal." *Johnson,* 917 N.E.2d at 1239. However, as explained, the time period for appeal in this case was tolled, not by the motion to reconsider, but by the trial court's failure to enter an order requiring Huber to pay a specific amount of expenses and attorney fees to the Sheriff until September 22, 2009.

2. We note that although the trial court's September 22, 2009, order was more specific than its earlier order with regard to the award of expenses and fees, the order still lacked a statement of the specific sum for

payment. As a practical matter, the trial court should have included the actual dollar figure of expenses and fees awarded to Sheriff rather than merely ordering Huber to pay the "full" amount demanded by the Sheriff. However, because the parties agree that the September 22, 2009, order was sufficiently specific for the purposes of our jurisdiction over this interlocutory appeal, we will not elevate form over substance. This situation emphasizes our later discussion as to the importance of holding a hearing prior to awarding discovery sanctions. Had a hearing been held and attorney fee affidavits presented, the trial court here likely would have included specific amounts in its order.

court abused its discretion. *M.S. ex rel. Newman v. K.R.*, 871 N.E.2d 303, 311 (Ind.Ct.App.2007), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has misinterpreted the law. *Id.*

While the discovery process is intended to require " 'little, if any, supervision or assistance by the trial court,' " when the goals of this system break down, Indiana Trial Rule 37 provides the trial court with tools to enforce compliance. *Id.* (quoting *Hatfield,* 676 N.E.2d at 399). Trial Rule 37 provides for an award of expenses related to a motion to compel. Specifically, Trial Rule 37(A)(4) states in relevant part:

> Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The award of sanctions is mandatory subject only to a showing that the losing party's conduct was substantially justified, or that other circumstances make an award of expenses unjust. *Penn Cent. Corp. v. Buchanan,* 712 N.E.2d 508, 513 (Ind.Ct.App.1999), *trans. denied.* A person is "substantially justified" in seeking to compel or in resisting discovery, for purposes of avoiding sanctions provided by Trial Rule 37(A)(4), if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery. *Id.*

Huber asserts that his conduct with regard to the Sheriff's discovery requests was substantially justified and that he was denied an opportunity for hearing on the propriety of awarding fees and costs to the Sheriff, which he contends is expressly required by Rule 37(A)(4). This Court has held that "[u]pon the granting of a motion to compel, at which time the moving party also requests reimbursement for the expense associated with making such a motion, a court is to hold a hearing at which it is to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust." *Drake v. Newman,* 557 N.E.2d 1348, 1352 (Ind.Ct.App. 1990), *trans. denied.* Indeed, our trial rules contemplate a hearing in order to determine the reasonableness of the sanction.[3] *See* Ind.Trial Rule 37; *South v. White River Farm Bureau Co-op.,* 639 N.E.2d 671, 674 (Ind.Ct.App.2002), *trans. denied; Baughman v. State,* 777 N.E.2d 1175, 1177 (Ind.Ct.App.2002). If, at the hearing, the non-moving party fails to

---

3. The Sheriff argues that Huber's written motion to reconsider satisfied the "opportunity for hearing" provided by Trial Rule 37(A)(4). The Sheriff cites no Indiana cases but instead looks to federal court decisions in support of the proposition that written materials may suffice and an actual hearing is not required. *See Paladin Associates, Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164–65 (9th Cir.2003); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515–16 (7th Cir.1997). However, while our trial rule closely mirrors Federal Rule of Civil Procedure 37, the federal rule contains the phrase "opportunity to be heard" rather than "opportunity for hearing." We find that difference significant. Additionally, the trial court here awarded sanctions prior to the motion to reconsider and before any written materials had been submitted by Huber to show justification for his conduct. This was clear error.

show that his or her conduct was justified or that an award of expenses would be unjust, then the trial court is required to award reasonable attorney's fees to the moving party. *Drake*, 557 N.E.2d at 1352.

We must conclude that the trial court erred in not holding a hearing prior to awarding the Sheriff fees and expenses.[4] We note that Huber does not appear to contest the reasonableness of the amount of expenses and fees, but rather the propriety of being sanctioned in the first place. Huber contends that sanctions are inappropriate because he was in compliance with the Sheriff's original discovery requests and, by our opinion today, we do not mean to suggest that he was not in compliance.[5] Trial Rule 37(A)(4) contemplates that, prior to awarding fees and expenses, the trial court will hold a hearing to make the threshold determination as to whether there has been compliance with discovery and, if not, whether substantial justification exists for the opposing party's conduct.[6] Accordingly, upon remand, the trial court is to hold a hearing to determine whether Huber's conduct was substantially justified or whether an award of expenses would be otherwise unjust.

Reversed and remanded.

RILEY, J., and VAIDIK, J., concur.

---

4. The Sheriff contends that Huber waived his opportunity for hearing because he did not request a hearing in his motion to reconsider. The Sheriff directs us to no authority regarding Trial Rule 37 suggesting that waiver would be appropriate under the circumstances, and we have found none. To the contrary, this Court has treated a hearing as a prerequisite to an award of sanctions rather than leaving it to the option of the parties. *See Drake*, 557 N.E.2d at 1352.

5. While much of Huber's brief is dedicated to his alleged compliance with some discovery

*ORDER*

Appellant, by counsel, filed a Motion for Publication of Not-for-Publication Memorandum Decision on April 14, 2010. Appellant's Motion was considered by the Court and granted on April 14, 2010. However, it has come to the Court's attention that the order was inadvertently not issued.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion for Publication of Not-for-Publication Memorandum Decision is GRANTED as of April 14, 2010. This Court's opinion handed down on March 25, 2010, marked "Memorandum Decision, Not for Publication," in now ORDERED PUBLISHED.

RILEY, VAIDIK, CRONE, JJ., concur.

---

requests and/or justification for opposing other discovery requests, we do not address those arguments. We leave them for the trial court to consider during a hearing upon remand.

6. Our supreme court recently reiterated the importance of the hearing requirement of Trial Rule 37(A)(4) to resolve discovery disputes and sanction awards in *Francis v. Newman*, No. 49S02–1003–CV–137, 929 N.E.2d 787 (Ind. Mar. 10, 2010) (Order Granting Transfer And Remanding to Trial Court).