**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 09 2012, 8:43 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES:

**RAFAEL A. SANCHEZ**
**ALEX E. GUDE**
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN MURILLO BRAVO, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 54A01-1108-PL-354 |
| | ) | |
| SILVIA BRAVO and RANCHO | ) | |
| BRAVO, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-0909-PL-380

**May 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Juan Murillo Bravo ("Murillo") appeals the trial court's order awarding attorney fees to Rancho Bravo, Inc. ("Rancho Bravo") and Silvia Bravo ("Silvia" and, together with Rancho Bravo, "Appellees"). Murillo raises three issues, which we consolidate and restate as whether the court abused its discretion in awarding attorney fees to Appellees. We affirm.

The relevant facts follow. On September 18, 2009, Murillo filed a complaint for declaratory judgment against Appellees alleging in part that he was one of the incorporators of Rancho Bravo, that Silvia falsely and fraudulently represented herself to be the sole owner and shareholder of Rancho Bravo, that she denied the interest of Murillo, and that Silvia improperly diverted funds of Rancho Bravo for her personal use. Murillo requested the court to declare that he was an equitable owner of fifty percent of Rancho Bravo; to order an accounting of all business done and of the funds and property of Rancho Bravo; to appoint a receiver to conduct the accounting, marshal the assets of Rancho Bravo, and liquidate Rancho Bravo; to determine that an impasse existed among the shareholders and to order the liquidation and dissolution of Rancho Bravo with distribution of any net proceeds; and to award him attorney fees and costs associated with the action. Appellees filed a motion for protective order in January 2011, and after a hearing the court granted the motion in February 2011.[1]

---

[1] The protective order is not included in the record. The July 22, 2011 order also addressed the protective order and stated that Murillo "has failed to meet the requisite factual showing of good cause to justify lifting the protective order and obtaining the personal financial information of [Appellees]." Appellant's Appendix at 71.

On March 31, 2010, Appellees mailed a First Set of Interrogatories and First Requests for the Production of Documents to Murillo. Murillo requested an extension to respond to the discovery requests until July 16, 2010, and Appellees consented. On July 26, 2010, Murillo responded to Appellees' discovery requests. Murillo's July 26, 2010 responses to Appellees' requests provided in part as follows:

<u>INTERROGATORIES</u>

1. Please identify the amount of money you believe you are owed by [Appellees], and set forth all facts that establish the basis for that amount.

<u>ANSWER</u>:

My share of earnings, not less than $20,000 for each year of operation, if profit is only $30,000/yr. and more if profit is more. I estimate the value of the business to be not less than $300,000, which equals 2/3 of the present value of the business. I am entitled to that and more because my investment is 2/3 of the capital to open and establish the business.

2. Please identify all documents or communications you believe establish the basis for arriving at the amount of money that you believe you are owed by [Appellees].

<u>ANSWER</u>:

All income documents and business valuation documents are in possession of [Appellees]. Also, see attached or documents previously produced.

3. Please identify and describe in detail all contributions you allegedly made to Rancho Bravo Inc., the date that each contribution was made, and the source of the funds used to make the contribution.

<u>ANSWER</u>:

Silvia, Juan G. Pena, and I each contributed about $40,000.00 for a one-third interest each in the restaurant business. Juan G. Pena later assigned and transferred his interest to me. My funds came mostly from the sale of

3

my clothing store business. My $80,000.00 was contributed in the 4 or 5 months prior to the restaurant being opened.

4.    Please identify and describe in detail all documents or communications between you and the [Appellees] that support your allegation in paragraph 6 of the Complaint that Silvia Bravo has excluded you from any aspect of in Rancho Bravo, Inc.'s management.

OBJECTION:

The identification of any documents which "support" [Murillo's] claims calls for exercise of attorney's professional judgment and invades protected area of attorney work product. The Court shall protect against disclosure of the mental impressions, conclusion, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. (Indiana Trial Rule 26(B)(3)).

ANSWER:

Without waiving the foregoing objections, [Murillo] states as follows: [Murillo] was denied any access to books, records, profits, decision making, etc.

* * * * *

RESPONSE TO REQUESTS FOR PRODUCTION

* * * * *

3.    Please produce all checkbook registers for accounts you own or operate for the period of January 1, 2002 through the present.

ANSWER:

The request is overbroad, not relevant, not admissible, and not designated to lead to the discovery of admissible evidence. The issues involve the Rancho Bravo restaurant business operated by Silvia Bravo. There can be no relevance to eight years of [Murillo's] accounts, and the request is discovery abuse, harassment, and in bad faith.

4.    Please produce all bank account statements for accounts that you own or operate for the period of January 1, 2002 to the present.

4

<u>ANSWER</u>:

> The request is overbroad, not relevant, not admissible, and not designated to lead to the discovery of admissible evidence. The issues involve the Rancho Bravo restaurant business operated by Silvia Bravo. There can be no relevance to eight years of [Murillo's] accounts, and the request is discovery abuse, harassment, and in bad faith.

Appellant's Appendix at 26-27, 30-31.

On August 16, 2010, Appellees sent a letter to Murillo which maintained that the responses were deficient in part and requesting supplemented answers. Appellees' letter stated that none of the documents previously produced were responsive to Interrogatory No. 1 or 4, that Requests for Production Nos. 3 and 4 asked for checkbook registers and bank account statements which would be admissible for a jury to consider whether Murillo in fact made contributions to Rancho Bravo, and that at a minimum Murillo must provide the registers and account statements that document the alleged contributions to or money spent on behalf of Rancho Bravo and reflect any payments received from Rancho Bravo.

On September 15, 2010, Murillo sent a letter to Appellees which set forth arguments that each of Murillo's initial responses was complete and that each of his objections was proper. Specifically, Murillo's letter stated in part:

> INTERROGATORY NO. 1. Interrogatory No. 1 asks Plaintiff to set forth the amount of money he believes is owed. I believe a rereading of that response will demonstrate that the assumptions utilized and the hypothetical calculation are clearly set forth. The "facts" that would clarify the actual amount of earnings and profits are of course in the exclusive possession of the Defendant, which is of course the reason for this lawsuit. As to the representation that he is a 2/3 shareholder, please note that stock was issued in equal shares to Mr. Peña, to the Plaintiff, and to the

5

Defendant. Mr. Peña has assigned his interest to Mr. Murillo Bravo and therefore Mr. Murillo Bravo is the equitable owner of a 2/3 interest in the corporation and all undistributed profits and earnings.

INTERROGATORY NO. 2. The answer to Interrogatory No. 2 states again that all documents regarding the operation and income of the business are in the hands of the Defendants. The objection here apparently is that the answer references documents "attached or documents previously produced." With the interrogatories a CD was produced and referenced which I think fairly qualifies as "attached or documents previously produced." In this case, "attached." Please read the paragraph with the conjunctive "or" and you will find that it is an accurate paragraph. As a further item of argument as to Interrogatory No. 2 you argue that the documents "fail to establish the basis" for any particular claim. That is not a matter that is to be proven to the Defendant, but rather to the Court. The Defendant is attempting to arrogate the role of the Court or Jury in judging the adequacy of production. Production is intended to disclose to the other party the documents in a party's possession, and no more. Argument is for another day.

I would note that your actual Interrogatory No. 2 did not request (as does your demand in your letter) that the Plaintiff identify documents which "support" his allegation. Had you made that request, the Plaintiff would have tendered the following objection:

"The identification of any documents which "support" Plaintiffs' claims calls for exercise of attorney's professional judgment and invades protected area of attorney work product. The Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
(Indiana Trial Rule 26(B)(3))."

You have by your letter improperly changed the inquiry from the request for a contention into an improper inquiry for attorney work product.

INTERROGATORY NO. 4. As to Interrogatory No. 4, you have ignored the objection properly made that the interrogatory is objectionable and demands attorney work product. That objection was made and that objection is proper, and the Defendant cannot complain of a volunteered response indicating that Plaintiff was denied access to "books, records, profits, decision-making, etc."

6

* * * * *

REQUEST NOS. 3 AND 4. As to these requests in which you ask for all bank account and checkbook records for an eight-year period, I believe that the objection is well founded[.] If you wish to tender an amended or supplemental interrogatory limiting the time, space and topics to those which might be relevant in this case, those matters will be addressed at that time.

Id. at 48-50.

On October 14, 2010, Appellees sent a second letter to Murillo stating that Murillo's previous responses were deficient and that his objections based upon an asserted privilege were improper.

On April 29, 2011, Appellees filed a motion to compel and a brief in support of the motion. In its motion, Appellees requested the court to compel adequate supplemental responses to certain interrogatories and requests for production, namely Interrogatory Nos. 1, 2, and 4, and Requests for Production Nos. 3 and 4, which it had previously sent to Murillo. Appellees also requested reasonable attorney fees associated with the motion.

In their brief, Appellees stated that Murillo never responded to the October 14, 2010 letter or supplemented his responses to the initial discovery requests. Appellees also stated that on March 16, 2011, they sent a settlement letter to Murillo which requested supplemental responses to the discovery requests and that if the settlement proposal was not accepted they would file a motion to compel. Appellees stated that as of the date of filing of their motion to compel, they had not received a response from Murillo. Appellees attached as exhibits to their brief Murillo's July 26, 2010 responses to

7

the First Set of Interrogatories and First Requests for the Production of Documents, Appellees' June 3, 2010 letter to Murillo, Appellees' August 16, 2010 letter, Murillo's September 15, 2010 letter, and Appellees' October 14, 2010 letter. Appellees argued that Murillo should be compelled to respond to their discovery requests and that they are entitled to recover all reasonable expenses including attorney fees in filing the motion to compel.

On May 18, 2011, the court entered an order granting Appellees' motion to compel and providing:

> The Court, upon consideration of [Appellees'] Motion to Compel [Murillo] to provide adequate supplemental responses to [Appellees'] First Set of Interrogatories and [Appellees'] First Requests for Production of Documents, finds that such Motion should be granted in part.
>
> IT IS ORDERED that Murillo provide complete responses to the following:
>
> Interrogatory No. 2: To the extent that Murillo makes reference to documents in possession of [Appellees'], he admits that he has no such documents. If Murillo has obtained such documents through discovery, he has a continuing duty to promptly supplement his answer and identify such documents. Murillo's Response, "Also, see attached or documents previously produced," is nonresponsive and he shall identify the particular documents that he relies upon to support his claim for money damages.
>
> Interrogatory No. 4: To the extent that Murillo asserts a privilege to justify an objection, he shall supply a privilege log for all documents he is withholding that specifically delineates the information or documents being withheld and the privilege asserted.
>
> Requests for Production Nos. 3 and 4: Murillo shall provide the items requested, provided, however, that information deemed not relevant or subject to privilege be redacted or included in a privilege log.
>
> All of the foregoing matters shall be provided with ten (10) days.

8

> IT IS FURTHER ORDERED that Murillo shall pay Rancho Bravo's reasonable expenses and attorney's fees incurred in obtaining this Order. Rancho Bravo shall submit a petition for attorney's fees within ten (10) days; Murillo may file any responses thereto or request a hearing within ten (10) days of the filing of any petition for attorney's fees.

Id. at 55-56.

On May 27, 2011, Appellees filed a verified petition for attorney fees and costs together with an affidavit in support of the petition. Appellees requested an order that Murillo pay costs of $163.44, attorney fees in connection with the deficient discovery responses and preparation and filing of the motion to compel in the amount of $2,078.50, and fees in preparing the fee petition of $522.00, for a total of $2,763.94, and any additional fees for continuing work performed in pursuit of the fee petition.

Also on May 27, 2011, Murillo submitted supplemental responses to Appellees' discovery requests. Specifically, with respect to Interrogatory No. 2, Murillo responded:

> I have no idea how much I am owed because I am owed at least between 50% and 66-2/3% of the hypothetical value of the Corporation at this time based upon the recoupment from the Defendant by the Corporation of all monies and value improperly arrogated by her. The valuation of the Corporation must be addressed by various documents which are only suggested by documents in Plaintiff's possession, but which include all of the accounting documents from Maitland & Associates, Inc. but particularly the following:
>
> > The following designations are based upon the document identification on the disk provided to the Plaintiff and provided from the Plaintiff to the Defendant containing the files from Maitland & Associates, Inc. and particularly of the following: 0163-0164, 0131, 0146, 0110, 0090, 0074, 0039-0042, 0472, 0419-0420, 0400-0403, 0393-0394, 0383-0384, 0377-0378, 0452-0454, 0458-0459, 0463, 0465-0466, 0374-

0376, 0048-0050, 0053, 0057, 0069-0073, 0075-0077, 0360-0373

Appellees' Appendix at 10. With respect to Interrogatory No. 4, Murillo responded by providing a list of thirteen corporate documents and several letters. With respect to Requests for Production Nos. 3 and 4, Murillo responded: "No such items." Id. at 12.

On June 2, 2011, Murillo filed a notice of compliance stating that he had complied with the court's May 18, 2011 order in that he had mailed supplemental answers to Appellees on May 27, 2011.

On June 3, 2011, Murillo filed an objection to Appellees' petition for attorney fees and requested a hearing. In his objection, Murillo argued that he initially provided complete responses or proper objections to Appellees' discovery requests, that the motion to compel was unjustified because his responses were correct, complete, and sufficient, and that the objections made were reasonable, appropriate, and substantially justified. Murillo further argued that Appellees' petition for attorney fees was unreasonable and excessive. Murillo filed a request for court to lift protective order on June 6, 2011, and Appellees' filed a response in opposition to the request on June 15, 2011.[2]

On June 27, 2011, the court held a hearing on Appellees' petition for attorney fees and Murillo's objection. At the hearing, Appellees filed a revised fee affidavit stating that they incurred costs of $163.44, attorney fees in connection with the deficient discovery responses and the motion to compel in the amount of $1,968.50,[3] and fees in

---

[2] The pleadings with respect to the protective order are not included in the record.

[3] Appellees' counsel stated that the only change was that the attorney fee amount was lowered somewhat due to a discounted rate.

preparing the petition of $522.00. Appellees' counsel stated that it incurred another $555.97 preparing for the hearing, bringing the total fees requested to $3,209.91. In support of its request for fees, counsel for Appellees cited to Ind. Trial Rule 37(A)(4) and argued that Murillo's refusal to answer the discovery requests was not substantially justified, that Appellees' original discovery started on March 31, 2010, that Appellees obtained complete answers to that discovery a year later when the court granted the motion to compel, that Murillo's supplemental responses to Requests for Production Nos. 3 and 4 indicated that responsive documents did not exist, and that if the fact that no documents existed had been disclosed earlier then there would not have been a need for Appellees to go through the process of writing letters to Murillo and ultimately filing a motion to compel. Murillo argued that the amount of the requested fee was not justified and that his objections to the original discovery requests were well founded.

On July 22, 2011, the court issued an order finding in part that Appellees "are entitled to attorney fees and costs for the motion to compel discovery responses" and that "[a] reasonable fee is $2,300 plus costs of $163.44." Appellant's Appendix at 71-72. Murillo initiated an interlocutory appeal of the court's fee award.

The issue is whether the court abused its discretion in awarding attorney fees to Appellees. Murillo argues that there were no deficiencies in his responses to the discovery requests and that he accurately answered the interrogatory questions. Murillo further argues that he did not rely upon any certain document or valuation in his response to Interrogatory No. 2 and that "[t]he real complaint put to the Trial Court is that

[Murillo] has not done the legal work necessary to prepare [Appellees'] counsel to defend against [his] case, which [Appellees'] counsel prefer be done by [Murillo's] lawyers and not by them." Appellant's Brief at 10. Murillo asserts that his objection to Interrogatory No. 4 was proper, that no document was withheld, and that the sanction was not justified. Murillo further asserts that Requests for Production Nos. 3 and 4 were abusive, overreaching, and in bad faith. Murillo argues that Appellees admitted that the documents for most of the period requested would be irrelevant but requested a sanction anyway and that the court erred in ordering him to produce all banking account materials for all eight years but to redact those items which are non-relevant or privileged or to include it in a privilege log. Murillo also argues that a sanction is not proper absent disobedience of a court order or directive or demonstrating unreasonable conduct.

Appellees argue that Murillo waived his arguments regarding the merits of the motion to compel when he failed to file a responsive pleading. Appellees further maintain that Murillo's refusal to provide documents and information lacked substantial justification and thus that Appellees were entitled to recover their expenses. Specifically, Appellees argue that the court was correct when it concluded that there was not a genuine issue as to whether Murillo was obligated to produce the documents and information requested. Appellees argue that Interrogatory Nos. 1 and 2 sought information regarding how Murillo determined the amount of money he claimed he is owed by Rancho Bravo, that Murillo's initial responses were deficient and did not clarify the facts that set forth the basis of the amounts he sought, that if Murillo had wanted to explain his interrogatory responses as he attempts to do in his appellant's brief on appeal he should have done so

12

prior to the trial court's order to compel, and that given the difficulties in obtaining complete answers from Murillo it is clear that his behavior was unreasonable. Appellees further argue that it was reasonable to assume that Murillo was withholding responsive documents based upon his response to Interrogatory No. 4. Appellees also argue that Murillo's objections to Requests for Production Nos. 3 and 4 lacked a reasonable basis at law, that if no documents existed Murillo could have informed Appellees of that fact in his original responses and not after the parties exchanged letters, that the requests were not overbroad, and that Murillo could have redacted any privileged or irrelevant material prior to production. Appellees further argue that the amount of the fees awarded by the court was reasonable and they request appellate attorney fees. In his reply brief, Murillo argues that there was no waiver of his right to show substantial justification and that his answers and objections were appropriate and substantially justified.

The rules of discovery are designed to "allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement." Huber v. Montgomery Cnty. Sheriff, 940 N.E.2d 1182, 1185 (Ind. Ct. App. 2010) (citing Hatfield v. Edward J. DeBartolo Corp., 676 N.E.2d 395, 399 (Ind. Ct. App. 1997), reh'g denied, trans. denied). The trial court has broad discretion when ruling on discovery issues, and we will reverse only upon a showing that the trial court abused its discretion. Id. at 1185-1186. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has misinterpreted the law. Id. at 1186.

13

"While the discovery process is intended to require little, if any, supervision or assistance by the trial court, when the goals of this system break down, Indiana Trial Rule 37 provides the trial court with tools to enforce compliance." Id. (citation and internal quotation marks omitted). Trial Rule 37 provides for an award of expenses related to a motion to compel. Specifically, Trial Rule 37(A) states in relevant part:

(2)     Motion. If a party refuses to allow inspection under Rule 9.2(E), or if a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or an organization, including without limitation a governmental organization or a partnership, fails to make designation under Rule 30(B)(6) or 31(A), or a party fails to answer an interrogatory submitted under Rule 33, or if a party or witness or other person, in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(C).

(3)     Evasive or incomplete answer. For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

(4)     Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the

14

> reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
>
> If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

The award of sanctions is mandatory subject only to a showing that the losing party's conduct was substantially justified, or that other circumstances make an award of expenses unjust. Id. (citing Penn Cent. Corp. v. Buchanan, 712 N.E.2d 508, 513 (Ind. Ct. App. 1999), trans. denied). "A person is 'substantially justified' in seeking to compel or in resisting discovery, for purposes of avoiding sanctions provided by Trial Rule 37(A)(4), if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery." Id.

The record reveals Murillo's initial July 26, 2010 responses to Appellees' discovery requests, Appellees' August 16, 2010 letter to Murillo requesting supplemented answers, Murillo's September 15, 2010 letter to Appellees arguing that each of his initial responses was complete, and Appellees' October 14, 2010 letter to Murillo stating the reasons why Murillo's responses were deficient. The record also reveals the parties' arguments on Appellees' motion to compel before the trial court, the court's May 18, 2011 order, and Murillo's May 27, 2011 supplemental responses.

Murillo did not point to specific documents or communications in response to Interrogatories Nos. 2 and 4 until he filed his supplemental responses, which was more than a year after Appellees had sent him the discovery requests and after the court had

15

granted Appellees' motion to compel. Similarly, with respect to Requests for Production Nos. 3 and 4, Murillo did not point to or provide checkbook registers or bank account statements or indicate that no such documents existed until after the court's May 18, 2011 order.

Based upon the record and under the circumstances, we cannot say that the trial court abused its discretion in determining that Murillo's initial and subsequent responses to the discovery requests were substantially justified or that other circumstances made an award of expenses unjust. See Georgetown Steel Corp. v. Chaffee, 519 N.E.2d 574, 577 (Ind. Ct. App. 1988) (holding that the trial court did not err in finding that the defendants were not substantially justified in their opposition to the motion to compel), reh'g denied, trans. denied. We decline Appellees' request for appellate attorney fees.

Accordingly, we affirm the trial court's July 22, 2011 order awarding Appellees attorney fees and decline to award Appellees appellate attorney fees.

Affirmed.

BAKER, J., and KIRSCH, J., concur.