## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 19 2015, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Emerito F. Upano | Jeffrey S. Zipes |
| Indianapolis, Indiana | Coots, Henke & Wheeler, P.C. |
| | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roger Tolentino and Repto, Inc., | November 19, 2015 |
| *Appellants-Plaintiffs,* | Court of Appeals Case No. 49A02-1502-CC-113 |
| v. | Appeal from the Marion Superior Court |
| Sheldon J. Hermann and Cheryl A. Hermann, | The Honorable Heather Welch, Judge |
| *Appellees-Defendants* | Trial Court Cause No. 49D01-1403-CC-6959 |

**Bailey, Judge.**

# Case Summary

[1] Appellants/Plaintiffs/Counter-Claim Defendants Roger Tolentino and Repto, Inc. (collectively, "Repto") appeal an order for the payment of attorney fees to

Defendants/Counterclaimants Sheldon and Cheryl Hermann (collectively, "the Hermanns") as a sanction under Indiana Trial Rule 37. We affirm.

## Issues

Repto presents two issues for review:

    I.    Whether the trial court abused its discretion by ordering Repto to produce business tax returns; and

    II.    Whether the trial court abused its discretion by ordering Repto to pay attorney fees of $1,000.00.

## Facts and Procedural History

On February 25, 2013, the Hermanns purchased a laundromat from Repto, and executed a promissory note in the principal sum of $109,900.00. On March 7, 2014, Repto filed a complaint alleging that the Hermanns had defaulted on the promissory note. The Hermanns answered the complaint and filed counterclaims against Repto for actual fraud, constructive fraud, and deception.

The Hermanns served Repto with a request for production of documents, seeking corporate documents including financial statements and federal and state tax returns for "Mr. Klean Laundry and Discount Tobacco since 2010." (App. at 43.) Repto produced some financial documents. However, with respect to the requested tax returns, Repto responded: "Information regarding tax returns … is privileged under federal and state law." (App. at 45-46.) The Hermanns filed a motion to compel production.

The trial court conducted a hearing on January 28, 2015. Repto argued that its tax returns were privileged and that discovery of the returns would not lead to admissible evidence because the Hermanns had admitted to execution of the promissory note and acknowledged the recitation of language therein. The trial court rejected these contentions, ordered Repto to produce the tax returns, and imposed a discovery sanction of $1,000.00. Following the denial of a motion for reconsideration, Repto appealed.

# Discussion and Decision

## Standard of Review

Indiana Appellate Rule 14(A)(1) provides for an interlocutory appeal as a matter of right from an order "for the payment of money." An order for the payment of attorney fees as a sanction under Indiana Trial Rule 37 is one example of an order "for the payment of money" which triggers the application of Appellate Rule 14(A)(1). *Huber v. Montgomery Cnty. Sheriff*, 940 N.E.2d 1182, 1184 (Ind. Ct. App. 2010). The trial court has broad discretion when ruling on discovery issues; we will reverse only upon a showing that the trial court has abused its discretion. *Id.* at 1185. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has misinterpreted the law. *Id.*

## *Abuse of Discretion – Order for Production of Documents*

[7] Repto argues that business tax returns are privileged pursuant to 26 U.S.C. § 6103(a), providing:

> No officer or employee of the United States, [and] no officer or employee of any State shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee[.]

Repto contends that the trial court misconstrued the law when it determined that the provision did not apply to the instant discovery dispute. The Hermanns respond that even a cursory reading of the language reveals that it governs the conduct of government employees. We agree. Repto has not shown that the trial court misapprehended the law by concluding that 26 U.S.C. § 6103(a) did not categorize tax returns as privileged documents for discovery purposes.

[8] Repto nonetheless suggests that, once the litigant's tax information has been disclosed to a government employee, it is privileged unless the "litigant himself tenders an issue as to the amount of his income." (Appellant's Brief at 9 (citing *Kingsley v. Delaware, Lackawanna & Western Railroad*, 20 F.R.D. 156, 158 (S.D.N.Y. 1957)). Repto asserts that the income of the laundromat was not placed in issue by its complaint, and that the income is wholly irrelevant after the Hermanns admitted to execution of the promissory note and acknowledged the language of the integration clause representing that the agreement was the entire agreement and understanding of the parties.

[9]     Indiana Trial Rule 26(B) provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

[10]    Repto has insisted that its complaint on the promissory note did not place the business income at issue and the Hermanns admitted the execution of the promissory note and its key provisions. However, this does not render the tax returns outside the scope of discovery. The Hermanns alleged that Repto had fraudulently induced them to purchase the laundromat by misrepresenting the income potential, a claim Repto largely ignores.

[11]    The scope of permissible discovery is broad, including that which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id. See Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind. Ct. App. 1997) (recognizing that the rules of discovery are designed to "allow a liberal discovery process, the purposes of which are to provide parties with information essential to litigation of the issues, to eliminate surprise, and to promote settlement"), *trans. denied*. Repto has not shown that the trial court abused its discretion by ordering the disclosure of business tax returns.

## Abuse of Discretion – Attorney's Fees

[12] Indiana Trial Rule 37 provides for an award of sanctions related to a motion to compel:

> If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The award of sanctions is mandatory, subject only to a showing that the losing party's conduct was substantially justified, or that other circumstances make an award of expenses unjust. *Huber*, 940 N.E.2d at 1186. A party is substantially justified in resisting discovery if reasonable persons could conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery. *Id.*

[13] Repto makes a cursory argument that its opposition to the motion to compel is substantially justified because its claim of privilege was not "frivolous, unreasonable, groundless, or litigated in bad faith." (Appellant's Brief at 15.) Repto does not otherwise develop an argument as to substantial justification or unjustness of the award. Repto has not shown that the trial court abused its discretion by ordering a mandatory sanction in compliance with Trial Rule 37.

# Conclusion

[14] Repto has not demonstrated that the trial court abused the broad discretion accorded to the trial court in discovery matters.

[15] Affirmed.

Baker, J., and Mathias, J., concur.