# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 11 2016, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

W. Brent Threlkeld
Melanie A. Smith
Threlkeld & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Matthew Kroes
Benjamin Wolowski
Schiller Law Offices, LLC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cody O'Riley,<br>*Appellant-Defendant,*<br><br>v.<br><br>Sergio Galindo-Oliva,<br>*Appellee-Plaintiff.* | August 11, 2016<br><br>Court of Appeals Case No.<br>49A02-1603-CT-567<br><br>Appeal from the Marion Superior Court<br><br>The Honorable David J. Dreyer, Judge<br><br>Trial Court Cause No.<br>49D10-1501-CT-1841 |

**Najam, Judge.**

## Statement of the Case

[1]     Cody O'Riley appeals the trial court's denial of his motion to compel an answer to a certified deposition question and order to reimburse Sergio Galindo-Oliva

for his reasonable expenses incurred in opposing the motion to compel. However, we do not reach the merits of this appeal because we lack subject matter jurisdiction.

We dismiss.

## Facts and Procedural History

On June 28, 2013, O'Riley was the driver of a vehicle involved in a minor rear-end collision with a vehicle driven by Galindo-Oliva in Indianapolis. On January 15, 2015, O'Riley filed a complaint against Galindo-Oliva, alleging that, as a result of the car accident, he "was required to seek medical treatment from various health care providers and [had] incurred medical expenses as a result thereof and may continue to incur future medical expenses." Appellant's App. at 8. One of the medical providers from which O'Riley sought treatment was the chiropractic clinic Genesis Medical Center ("GMC"). Galindo-Oliva filed his answer admitting his negligence but denying the reasonableness of O'Riley's claimed medical expenses and the nature and extent of his claimed injuries.

On October 22, 2015, O'Riley, through counsel, conducted a deposition of Galindo-Oliva, who was also represented by counsel. At the deposition, O'Riley's counsel asked Galindo-Oliva how he learned of the GMC facility. Galindo-Oliva's counsel instructed him not to answer the question based on attorney-client privilege. O'Riley's counsel certified the deposition question and, on January 4, 2016, he filed a motion to compel Galindo-Oliva to answer

the question. Galindo-Oliva filed a response in objection to the motion to compel and sought reimbursement for his costs in opposing the motion.

[5] On February 17, 2016, the trial court, by hand, signed and dated an order denying O'Riley's motion to compel. In that order, which appears to have been prepared by one of the parties, the trial court crossed out a clause relating to reimbursement for Galido-Oliva's expenses in opposing the motion. However, copies of the February 17 order that were distributed to the parties' counsel contained the trial court judge's stamped signature with the clause relating to reimbursement unstricken. The chronological case summary ("CCS") entry for March 7 indicates that the trial court signed the order denying the motion to compel on February 17, and the CCS summarizes the order as follows:

> Defendant's motion to compel Plaintiff's testimony is DENIED and Defendant is ordered to reimburse Plaintiff for reasonable expenses incurred in opposing the motion to compel pursuant to the trial rules.

Appellant's App. at 5. This appeal ensued.

## Discussion and Decision

[6] O'Riley appeals the discovery order denying his motion to compel deposition testimony and the discovery sanction order issued against him pursuant to Indiana Trial Rule 37(A)(4), both of which are interlocutory orders. It is the duty of this court to determine whether we have jurisdiction before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. An appeal from an

interlocutory order is not permitted unless specifically authorized by the Indiana Constitution, statutes, or the rules of court. *Id*. The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal. *Id*.

[7] Indiana Appellate Rule 14(A)(1) allows a party to bring an interlocutory appeal as of right when the order requires the payment of money. However, this rule applies only to orders for the payment of money that "carry financial and legal consequences akin to those more typically found in final judgments." *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991); *see also Mosser v. Mosser*, 729 N.E.2d 197, 200 (Ind. Ct. App. 2000) (noting that an enforceable "money judgment is entered on the judgment docket and constitutes a lien on the judgment debtor's property"). We have held that, in certain circumstances, an order for "the payment of attorney's fees as a sanction under Ind. Trial Rule 37"[1] can be an example of an appealable order for the payment of money under Rule 14(A)(1). *Nat'l Gen. Ins. Co. v. Riddell*, 705 N.E.2d 465, n.1 (Ind. Ct. App. 1998).

[8] However, to constitute an appealable interlocutory order, a sanction under Trial Rule 37 must provide for a *specific* amount of money to be paid at a *specific* time. *Huber v. Montgomery*, 940 N.E.2d 1182, 1184-85 (Ind. Ct. App. 2010). For example, we held in *Huber* that an award of "reasonable" costs and attorney's

---

[1] Indiana Trial Rule 37(A)(4) requires that a trial court award expenses to the party who successfully moves to compel discovery or successfully opposes such a motion, unless the unsuccessful party's position was "substantially justified" or an award of expenses would otherwise be "unjust."

fees to a party under Trial Rule 37 was not appealable as of right as an "order for the payment of money" because "[t]he order did not require Huber to pay a specific amount at a specific time." *Id*. at 1185. Rather, the order simply stated that the party who had successfully moved to compel discovery was "awarded reasonable costs and attorney fees incurred by the necessity" to make the motion. *Id*. at 1184.

[9] Likewise, here, the trial court's order does not specify an amount of payment or a time for payment. The order states only that "Defendant is ordered to reimburse Plaintiff for reasonable expenses incurred in opposing the Motion to Compel pursuant to the Trial Rules." Appellant's App. at 6. Because the order does not require O'Riley to pay a specific amount of money at a specific time, it is not appealable as of right pursuant to Appellate Rule 14(A)(1).[2] *Huber*, 940 N.E.2d at 1184-85.[3]

[10] And just as we lack jurisdiction to address the discovery sanction order, we cannot consider O'Riley's challenge to the denial of his motion to compel, which is also an interlocutory order. If the discovery sanction order were an order for the payment of money under Appellate Rule 14(A)(1), we would have

---

[2] We note that O'Riley could have sought certification of the order for a discretionary interlocutory appeal under Appellate Rule 14(B), but he did not. *State v. Hogan*, 582 N.E.2d 824 (Ind. 1991). Or he could have sought an order from the trial court expressly determining that there was no just reason for delay and expressly directing entry of final judgment under Indiana Trial Rule 54(B), but he did not.

[3] Even if the sanction order were appealable as of right, given the disparity between the two orders dated February 17, we would have been required to remand this case for clarification of whether the trial court actually did or did not award Galindo-Oliva's expenses incurred in opposing the motion to compel.

ancillary jurisdiction to address the underlying discovery dispute. *See e.g.*, *White-Rodgers v. Kindle*, 925 N.E.2d 406, 411 (Ind. Ct. App. 2010). In other words, the sanction order and the underlying order are intertwined, and if we had jurisdiction over the sanction order under Appellate Rule 14(A)(1), we could also consider the denial of O'Riley's motion to compel. Here, however, we do not have jurisdiction to review either of these interlocutory orders.

[11] Dismissed.

Vaidik, C.J., and Baker, J., concur.