

FILED

Dec 18 2019, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Janette E. Surrisi
Wyland, Humphrey, Clevenger &
Surrisi, LLP
Plymouth, Indiana

ATTORNEYS FOR APPELLEE

Robert W. Eherenman
Melanie L. Farr
Haller & Colvin, P.C.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Plymouth, Indiana and City of Plymouth Redevelopment Commission, <br> *Appellants-Defendants,* <br><br> v. <br><br> Michael Kinder & Sons, Inc., <br> *Appellee-Plaintiff.* | December 18, 2019 <br><br> Court of Appeals Case No. 19A-PL-1214 <br><br> Appeal from the Marshall Circuit Court <br><br> The Honorable Curtis D. Palmer, Judge <br><br> Trial Court Cause No. 50C01-1803-PL-8 |

**Najam, Judge.**

## Statement of the Case

[1] The City of Plymouth ("the City") and the City of Plymouth Redevelopment Commission ("the Commission") appeal from the trial court's order granting a motion to enforce a mediation agreement ("the agreement") filed by Michael Kinder and Sons, Inc. ("Kinder"). The City and the Commission present a

single issue for our review, namely, whether the trial court erred when it granted the motion to enforce the parties' agreement. We reverse and remand for further proceedings.

## Facts and Procedural History

[2] On March 14, 2018, Kinder filed a complaint against the City, the Commission, and Marshall County Wellness and Life Enhancement, Inc. ("Wellness") alleging breach of contract and unjust enrichment. After various motions were filed,[1] Kinder, the City, and the President of the Commission attended a mediation conference on January 25, 2019. At the conclusion of that conference, Kinder, the City, and the President of the Commission executed an agreement, which states as follows:

> At a mediation session held on January 25, 2019, the parties agreed to settle all litigation arising out of the above captioned case as follows:
>
> 1) The Defendant shall, *subject to the approval* of the City of Plymouth Redevelopment Commission keep its offer to settle this litigation for the payment of $130,000.00 to the Plaintiff open.
>
> 2) *If* the Plaintiff accepts the defendants [sic] offer to pay $130,000 to settle this case *then* the case shall be settled.
>
> 3) *If* the case is settled *then* the litigation shall be dismissed with prejudice and all parties shall execute a mutual release.

---

[1] Kinder filed a motion for default judgment against Wellness. That motion is still pending in the trial court.

Appellants' App. Vol. 3 at 61 (emphases added).[2]

[3] On February 12, Kinder's counsel emailed the City's counsel to inform the City that Kinder had "decided to accept the City's last mediation offer of $130,000." *Id.* at 63. Kinder's counsel also included a draft release and settlement agreement with the email. On February 14, the City's counsel emailed Kinder's counsel to inform him that the Commission would "discuss the settlement in [an] executive session" scheduled for the following Tuesday. *Id.* at 69. On February 20, the City's counsel emailed Kinder's counsel again and stated that the Commission "wanted to review some additional materials" and had scheduled another executive session for March "to further discuss the matter." *Id.* at 71. In an email dated March 5, the City's counsel stated that the City wanted to "strike paragraph 10 from the settlement agreement" but was "otherwise . . . fine with the language." *Id.* at 73. The City's counsel also stated that the Commission had not been able to reconvene for an executive session and might not be able to reconvene until March 19th.

[4] Finally, on March 20, the City's counsel sent an email to Kinder's counsel stating as follows:

> We were finally able to convene the full membership of the Redevelopment Commission last night for consideration of the settlement. After much deliberation in [an] executive session,

---

[2] Alternative Dispute Resolution Rule 2.7(E)(1) requires a mediator to report to the trial court whether the parties reached an agreement. On March 22, 2019, the mediator, Senior Judge Terry C. Shewmaker, informed the court and the parties by email that, notwithstanding the mediation, "the case was not settled."

unfortunately, the settlement was unable to win the support of majority of the Commission. I can reach out to the mediator to request that he advise the court of this result.

*Id.* at 82.

On March 28, Kinder filed its Motion to Enforce Written Mediation Agreement with the trial court. In that Motion, Kinder stated in relevant part:

> 4. The mediation conference was held in the Elkhart County Courthouse and lasted approximately from 1:30 p.m. to 4:30 p.m. While [Kinder] did not accept the last offer from the City and the Commission at the conclusion of the mediation session, the parties entered into a signed, written Mediation Agreement, which kept the last offer open after the mediation, *with the condition that it would be kept open "subject to the approval of the City of Plymouth Redevelopment Commission."*
>
> 5. The written Mediation Agreement also provided that if "the Plaintiff accepts the defendants offer to pay $130,000.00 to settle this case then the case shall be settled."
>
> 6. On February 12, 2019, [Kinder] accepted the City's and the Commission's last mediation offer, as set forth in the written, signed Mediation Agreement. After the conclusion of the mediation session and prior to February 12th, neither the City nor the Commission ever notified [Kinder] that the offer had been withdrawn or had not been kept open. Along with the acceptance of the City's and Commission's last offer in the written Mediation Agreement, [Kinder] tendered a proposed settlement agreement.

*Id.* at 54-55 (emphasis added).

[6] The City filed a response to Kinder's motion and stated in relevant part that "[t]he Mediation Agreement set forth a contingent offer[. A]bsent that contingency being met, the agreement is, at best, merely an unenforceable agreement to agree. The contingency, the approval of the Commission, wasn't met. So, there was no offer for [Kinder] to accept." *Id.* at 86. Following a hearing, on April 30, 2019, the trial court granted Kinder's motion, "thereby enforcing the mediated settlement agreement attached to said Motion . . . , requiring [the City] to pay [Kinder] the sum of $130,000 in full settlement of all claims." Appellants' App. Vol. 2 at 11. This interlocutory appeal as a matter of right ensued.[3]

## Discussion and Decision

[7] The City and the Commission contend that the trial court erred when it granted Kinder's motion to enforce the agreement. Construction of the terms of a written contract generally is a pure question of law, which we review *de novo*. *See Layne v. Layne*, 77 N.E.3d 1254, 1265 (2017), *trans. denied*. The goal of contract interpretation is to determine the intent of the parties when they made the agreement. *Id.* This court must examine the plain language of the contract,

---

[3] The City and the Commission purport to bring this interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A)(1) ("for the payment of money"). However, our Supreme Court has observed that an order for the payment of money is appealable as of right only if it requires a party "to pay a specific amount at a specific time." *Huber v. Montgomery Cty. Sheriff*, 940 N.E.2d 1182, 1185 (Ind. 2010). Here, the trial court's order does not state a time for the payment of the $130,000. However, the court's order incorporates by reference the parties' agreement, which compels the City and the Commission to "execute a mutual release." Accordingly, the trial court's order is an interlocutory order appealable as a matter of right under Indiana Appellate Rule 14(A)(2) ("to compel the execution of any document").

read it in context and, whenever possible, construe it so as to render every word, phrase, and term meaningful, unambiguous, and harmonious with the whole. *Id.* If contract language is unambiguous, this court may not look to extrinsic evidence to expand, vary, or explain the instrument but must determine the parties' intent from the four corners of the instrument. *Id.*

[8] Here, the parties do not dispute that the mediation agreement is unambiguous, and we agree. Accordingly, we examine the plain language of the agreement as contained in the four corners of the instrument, and we may not look to extrinsic evidence. *See id.* The parties concur that the agreement did not constitute a final settlement.[4] They disagree, however, in their interpretation of the agreement. The City and the Commission assert that the agreement constituted a contingent offer to Kinder to settle for $130,000, the contingency being the approval of the Commission. But Kinder asserts that the agreement constituted an offer of $130,000 to settle the litigation that was to be kept open unless the Commission rescinded the offer before Kinder accepted it. In its motion to enforce the agreement, Kinder acknowledged that the agreement "kept the last offer open after the mediation, with the *condition* that it would be kept open 'subject to the approval of the City of Plymouth Redevelopment Commission.'" Appellants' App. Vol. 3 at 54 (emphasis added). But on appeal, Kinder contends that "[t]here is nothing within the terms of the

_____

[4] The agreement explicitly refers to an offer contingent on approval by the Commission and a settlement contingent on Kinder's acceptance of that offer.

Mediation Agreement that the Commission would need to authorize the making of the offer of $130,000." Appellee's Br. at 27.

[9] "A condition precedent is either a condition which must be performed before the agreement of the parties shall become a binding contract, or it may be a condition which must be fulfilled before the duty to perform an existing contract arises." *Dvorak v. Christ*, 692 N.E.2d 920, 924 (Ind. Ct. App. 1998), *trans. denied*. Here, the plain language of the agreement unambiguously states that the City's promise to "keep its offer" to settle open was "subject to" approval by the Commission. Appellants' App. Vol. 3 at 61. Thus, any settlement between the parties was subject to a condition precedent, and it is undisputed that the condition was not satisfied.[5] That is, the Commission never approved the offer to settle with Kinder for $130,000.

[10] Kinder posits an agreement that would set up a race between Kinder and the Commission. Either the Commission could rescind the offer, or Kinder could accept it, and whichever occurred first would determine the outcome of the mediation. We decline Kinder's invitation to add words to the agreement that are simply not there. The agreement clearly required that the Commission approve the offer before Kinder could accept it. We construe the provisions of an agreement "to render each word, phrase, and term meaningful,

---

[5] We reject Kinder's contention that the City waived the condition precedent. Nothing in the record shows that Kinder argued waiver to the trial court. It is well settled that a party may not raise an issue for the first time on appeal. *See Sage v. State*, 114 N.E.3d 923, 928 n.1 (Ind. Ct. App. 2018).

unambiguous, and harmonious with the whole," *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012), and we agree with the City and the Commission that Kinder's interpretation of the agreement would render the "subject to the approval of the Commission" provision mere surplusage. Appellants' Br. at 28. The requirement that the City keep its offer to settle open was clearly and unambiguously subject to a condition precedent, namely, the approval of the Commission.

[11] Our Supreme Court's decision in *Indiana State Highway Commission v. Curtis*, 704 N.E.2d 1015 (Ind. 1998), is instructive here. In *Curtis*, the Court considered whether an agreement "that explicitly requires the approval of a component of a party [is] binding on the party without that approval." 704 N.E.2d 1015, 1017 (Ind. 1998). Just prior to trial, the parties "arrived at an agreed amount for a monetary settlement from the State and the State's grant of an easement onto State property to install a new septic system." *Id.* Paragraph five of the parties' written agreement "granted the Suttons[, who had purchased the subject property from the named plaintiffs, the Curtises,] access over State property" and paragraph seven provided that "access through State Road 10's existing guardrail and any driveway therefrom as described in paragraph five (5) of this agreement is *subject to approval by INDOT*." *Id.* (emphasis added). Prior to obtaining INDOT's approval of the access as described in paragraph seven of the parties' agreement, the Suttons filed a motion to enforce the parties' settlement agreement.

The trial court granted the Suttons' motion to enforce the agreement, but, on transfer, our Supreme Court held as follows:

> INDOT's approval of the easement provisions is a condition of the settlement agreement. The condition was supplied by the parties when they agreed explicitly in the settlement document that the easement provisions required INDOT's approval.
>
> As a general rule, an express condition must be fulfilled or no liability can arise on the promise that the condition qualifies. 5 WILLISTON, CONTRACTS § 675 (3rd ed. 1961); RESTATEMENT (SECOND) OF CONTRACTS § 225 (1981) (if a condition does not occur, performance of a duty subject to a condition cannot become due and if the condition can no longer occur, the duty is discharged). Indiana courts have consistently recognized this rule. The Court of Appeals held in *Blakley*[ *v. Currence*, 172 Ind.App. 668, 670, 361 N.E.2d 921, 922 (1977),] that an agreement containing the clause "subject to loan approval" *did not become a binding contract because approval was not obtained*. 361 N.E.2d at 923. Similarly, in *Wetzel v. Andrews*, 136 Ind.App. 117, 198 N.E.2d 19 (1964), the Court of Appeals held that a lease was not valid where the condition precedent of statutorily required approval by the governmental entity was not met. . . .
>
> * * *
>
> . . . [U]pholding the right of a party to insist on [approval by an agency as a condition of settlement] . . . ultimately facilitates settlement by permitting an agreement to be made with an enforceable condition, even if the condition is likely to be fulfilled. Accordingly, as a matter of contract law, because INDOT approval was required by the settlement agreement, and that approval was not obtained, the agreement, as to the easement provisions, is not enforceable.

*Id.* at 1018-20 (emphasis added).

[13] Likewise, here, we hold that the mediation agreement required that the Commission approve the settlement offer of $130,000 before Kinder could accept it. This was a condition precedent supplied by the parties. *See id.* at 1018. Kinder's reliance on the second numbered paragraph of the agreement as if it were a stand-alone provision is misplaced. Because the Commission did not approve the offer, there was no offer for Kinder to accept. The trial court erred when it granted Kinder's motion to enforce the parties' agreement.

[14] Reversed and remanded for further proceedings.

Vaidik, C.J., and Tavitas, J., concur.